UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zach Hillesheim,

    Plaintiff,

v.

Holiday Stationstores, Inc.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 16-1948 (MJD/DTS)

_____

    Padraigin L. Browne, Browne Law, LLC, Counsel for Plaintiff.

    Tamara L. Novotny, Cousineau, Van Bergen, McGee & Malone, P.A., Counsel for Defendant.

_____

This matter is before the Court on Defendant's motion for summary judgment and Plaintiff's motion to strike the Baregi Affidavit and motion to strike Defendant's untimely response to Plaintiff's motion to strike the Baregi Affidavit.

**I.    Background**

Plaintiff commenced this action against Defendant Holiday Stationstores, Inc. ("Holiday") alleging that Holiday violated the ADA and the MHRA at its store located at 255 Triangle Lane, Jordan, Minnesota. Specifically, Plaintiff

1

alleges that the access aisle adjacent to the accessible parking space for the handicapped parking was not level, and the curb ramp providing access to the sidewalk adjacent to the store projected into the access aisle. (Compl. ¶ 13.)

In response to Plaintiff's complaint, Holiday asserts it took prompt action to upgrade the parking lot and address the specific issues raised by Plaintiff. Holiday asserts that the upgrade was temporary, because it had already planned to remodel the store prior to the commencement of this lawsuit, including the parking lot. Such remodel of the parking lot was completed in April 2017.

## II. Standard for Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**III.   ADA Claim**

    **A.   Motion to Strike**

In support of its motion to dismiss Plaintiff's ADA claim, Holiday has submitted the affidavit of John Baregi, Vice President of Engineering.  In his affidavit, Baregi addressed the temporary upgrade of the handicapped parking at the store, and also discussed the complete parking lot remodel. Attached to the affidavit are photographs of the temporary upgrade and the permanent remodel of the parking lot, which shows ADA compliant handicapped parking. Accordingly, Holiday argues the ADA claim should be dismissed as moot.

Plaintiff argues the Baregi affidavit is not properly before the Court because neither Baregi or the photographs attached to his affidavit were disclosed to Plaintiff prior to the date on which Holiday filed its motion for summary judgment.  Plaintiff argues that Rule 26(a) of the Federal Rules of Civil Procedure imposes affirmative disclosure obligations, including the disclosure of

3

each individual likely to have discoverable information. Because Holiday did not disclose the identity of Baregi prior to moving for summary judgment, the Court should strike his affidavit pursuant to Rule 37(c)(1)[1].

When a party fails to disclose a witness properly, the Court may exclude the testimony unless the party's failure to comply is substantially justified or harmless. Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). In determining the proper remedy or sanction, the Court should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id. Exclusion of evidence is a harsh penalty that should be used sparingly. Id.

Holiday responds that it did not violate Rule 26 disclosure requirements. The Rule recognizes that as a party prepares its case, new disclosures may come to light and requires the party to supplement its earlier disclosures in a timely manner. In this case, Holiday asserts it planned to seek dismissal based on

---

[1] Plaintiff also moves to strike Defendant's opposition brief to the motion to strike, arguing that it was filed untimely. Because Plaintiff has failed to demonstrate prejudice for the late filing, this motion is denied.

Plaintiff's failure to provide proper pretrial notice, which would not require witness disclosures. As the case progressed, Holiday determined that it could also argue for dismissal based on the affirmative defense that it remedied the violation identified in Plaintiff's complaint. When seeking information on when it upgraded the parking lot, Holiday determined that John Baregi could provide the necessary information. It then disclosed Baregi to Plaintiff as required by Rule 26. It is thus Holiday's position that it did not violate the Rules.

Holiday further argues that even if the late disclosure violated Rule 26, exclusion of the Baregi affidavit is not required because Plaintiff cannot claim surprise or prejudice. In addition, counsel for Holiday offered to allow Plaintiff the opportunity to depose Baregi if counsel thought it necessary in order to respond to Holiday's motion. (Supp. Novotny Aff. Ex. 9.) Holiday asserts that Plaintiff's counsel did not respond to this offer, and instead filed the motion to strike.

Assuming without deciding that the disclosure of the Baregi affidavit violated Rule 26, the Court finds that Plaintiff has not demonstrated that exclusion of the Baregi affidavit is warranted. Plaintiff was given the opportunity to depose Baregi prior to filing a response to Holiday's motion for

summary judgment, and Plaintiff chose not to do so.  Furthermore, Plaintiff cannot claim surprise that the parking lot was first temporarily upgraded and later completely remodeled to ensure ADA compliance.  Plaintiff was aware of the temporary upgrade as of August 18, 2016, as evidenced by the photographs of the temporary upgrades that were submitted by Plaintiff in his initial disclosures.  (Novotny Aff. ¶ 5, Ex. 4 [Doc. No. 21].)  Further, had Plaintiff visited the store as of April 2017, it would have been evident that the parking lot had been completely remodeled and that the access aisles to the handicapped parking spaces are level, and that appropriate signage has been installed.  Thus, failure to disclose the Baregi affidavit earlier was harmless.  Accordingly, the motion to strike the Baregi affidavit is denied.

### B. Mootness

Holiday argues that under the ADA, Plaintiff is entitled only to injunctive relief for the claim asserted.  See Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 342 (8th Cir. 2006) (finding that Title III provide only injunctive relief).  Holiday has submitted photographs of the temporary upgrade and the permanent remodel of its parking lot, which shows ADA compliant handicapped parking.  Accordingly, Holiday argues the ADA claim should be dismissed as

6

moot.

In response, Plaintiff asserts that Holiday bears a heavy burden to demonstrate mootness. Holiday must demonstrate that it has voluntarily ceased the offending conduct and that it is absolutely clear the offending conduct could not reasonably be expected to recur. Sawczyn v. BMO Harris Bank Nat'l Ass'n, 8 F. Supp.3d 1108, 1113 (D. Minn. 2014) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)).

Plaintiff argues that the issue giving rise to his complaint is that the curb ramp projected into an access aisle, creating a dangerous slope in the access aisle. Plaintiff argues that Baregi's statement that the access aisle is now level is too imprecise to satisfy Holiday's burden. The ADA requires that access aisles have no slopes steeper than 1:48, but without a precise statement from Baregi on this point, the Court can't find Holiday's evidence conclusively shows that its new access aisles are ADA compliant. Further, Plaintiff notes that Holiday did not make the parking ADA complaint until after it received his complaint.

The photos produced by Plaintiff show the temporary upgrade which clearly reflects that the access aisles are at the same level as the parking spaces they served - as required by the ADA Accessibility Guidelines ("ADAAG") 502.4.

7

(See Novotny Aff. Ex. 4 (photographs of the temporary upgrade).) This guideline provides "Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted." The Advisory to this Rule further provides that "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. The exception allows sufficient slope for drainage." Read together, it is clear that the Rule does not require absolute precision.

Further, the photos attached to the Baregi affidavit show that the newly remodeled, completed upgraded parking lot has access aisles that are the same level as the parking space. Baregi further asserts that Holiday has no intention of undoing any of the upgrades and intends to keep the parking lot in compliance with the ADA. (Baregi Aff. ¶ 9.) Based on the record before it, the Court finds that Holiday has demonstrated that Plaintiff's ADA claim is moot, and Count 1 shall be dismissed.

## IV. MHRA Claim

### A. Pre-Suit Notice Requirement

Unlike the ADA, the MHRA allows a plaintiff to recover damages if he has been unlawfully denied access to a place of public accommodations. See e.g.,

Davis v. Queen Nelly, LLC, 2016 WL 5868066, at *2 (D. Minn. Oct. 6, 2016). In May 2016, however, the Minnesota legislature amended the MHRA to curtail lawsuits filed to coerce businesses into paying money to settle cases involving minor accessibility violations rather than incurring the costs of litigation. Holiday notes that Plaintiff is a party in 69 federal and 15 state lawsuits, and that his current counsel is involved in 88 federal and 14 state lawsuits. Most of the cases are similar to this case.

> Effective May 23, 2016, the MHRA was amended as follows:
>
> (a) A notice sent before filing a civil action with the court by an attorney representing a person who alleges that a business establishment or place of public accommodation has violated an accessibility requirement under law must be dated and must:
>
> > 1) cite the law alleged to be violated;
> > 2) identify each architectural barrier that is the subject of an alleged violation and specify its location on the premises;
> > 3) provide a reasonable time for a response, which may not be less than 30 days; and
> > 4) comply with subdivision 3.
>
> (b) A notice described in paragraph (a) must not require or demand for money or an offer or agreement to accept money, but may offer to engage in settlement negotiations before litigation. If a notice is sent, a civil action may not be filed before expiration of the period to respond provided in the notice."

Minn. Stat. § 363A.331, subd. 2.

This action was served on or about May 24, 2016, therefore it is subject to the May 23, 2016 amendment. Holiday argues this amendment requires a plaintiff to send a pre-suit notice prior to bringing suit. In this case, because Plaintiff did not send the required notice prior to commencing suit or give Holiday time to respond, the claim should be dismissed. If Plaintiff had sent the required notice, there would have been no basis for this lawsuit because Holiday would have responded timely.

Plaintiff responds that the May 2016 amendment to the MHRA does not contain a pre-suit requirement. He notes that the bills that were originally introduced to the Minnesota legislature did contain a pre-suit requirement, but such requirement was removed during the legislative process. The bill that was passed regulates the content of pre-suit demand letters, but does not require that a pre-suit letter actually be sent.

Plaintiff argues his position is bolstered by the fact that the Minnesota legislature again amended Minn. Stat. § 363A.331 to add the pre-suit notice requirement, effective May 24, 2017. The law now requires a plaintiff to send a pre-suit letter and allow a reasonable time, not less than 30 days, to respond. Subdivision 2 now reads:

**Subd. 2. Notice of architectural barrier.** (a) Before bringing a civil action under section 363A.33, a person who is an attorney or is represented by an attorney and who alleges that a business establishment or place of public accommodation has violated accessibility requirements under law must provide a notice of architectural barrier consistent with subdivision 3. The notice of architectural barrier must be dated and must:

(1) cite the law alleged to be violated;
(2) identify each architectural barrier that is the subject of an alleged violation and specify its location on the premises;
(3) provide a reasonable time for a response, which may not be less than 60 days; and
(4) comply with subdivision 3.

(b) A notice described in paragraph (a) must not include a request or demand for money or an offer or agreement to accept money, but may offer to engage in settlement negotiations before litigation.

(c) A civil action may not be brought before expiration of the period to respond provided in the notice under paragraph (a), clause (3). Subject to paragraph (d), a civil action may be brought after the response time provided in the notice.

(d) If, within the response time provided under paragraph (a), clause (3), the business establishment or place of public accommodation indicates in writing an intent to remove the barrier but can demonstrate that weather prevents a timely removal, a civil action may not be brought before 30 days after the date of the response time in the notice, provided the business establishment or place of public accommodation specifies in writing the steps that will be taken to remove the barrier and the date by which the barrier will be removed.

The Court agrees that the law in effect when this action was filed did not

include a pre-suit notice requirement. Accordingly, failure to file a notice did not

prevent Plaintiff from commencing this action.

B.     **Affirmative Defense**

Holiday argues it has an affirmative defense that requires dismissal because the alleged architectural barrier has been removed in a manner that complies with accessibility requirements under law. Minn. Stat. § 336A.331, subdiv. 4. Minnesota courts have held that affirmative defenses protect a party from liability. See Rehn v. Fischley, 557 N.W.2d 328, 332 (Minn. 1997).

Plaintiff does not address Holiday's argument concerning affirmative defenses. Instead, Plaintiff requests the Court remand the MHRA claim to state court if it finds the ADA claim is moot.

The Court finds no reason to remand this matter to state court. Plaintiff has not presented any evidence which raises a genuine issue of material fact as to whether Holiday has brought the parking lot into compliance. Instead, based on the record, the Court finds that Holiday has submitted sufficient evidence to demonstrate that it has removed the architectural barrier that was the basis for this suit. Accordingly, dismissal is appropriate. Minn. Stat. § 363A.331, subdiv. 4.

IT IS HEREBY ORDERED that Defendant Holiday Stationstores, Inc.'s Motion for Summary Judgment [Doc. No. 18] is GRANTED in its entirety. This action is DISMISSED WITH PREJUDICE. Plaintiff's Motions to Strike [Doc. Nos. 30 and 37] are DENIED.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: August 31, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court